Joint School District No. 17 of Ottawa and Summit vs. Reid.

JOINT SCHOOL DISTRICT No. 17 OF THE TOWNS OF OTTAWA AND SUMMIT, Appellant, vs. REID, Respondent.

*March 23 — April 12, 1892.*

*Injunction: Acts not injurious: School districts.*

1. Where a contract for the erection of a school-house is void, or voidable at the election of the school district, an injunction will not lie at the suit of the district to prevent the contractor from proceeding under it, especially where the district has no title to the site, and its contract for the purchase thereof is void. The district may decline to ratify or affirm the building contract, and defend against an action for the contract price.

[2. Whether in such case an action for an injunction could be commenced by the school district board without a vote of the district, not determined.]

APPEAL from the Circuit Court for *Waukesha* County. This is an appeal from an order dated August 25, 1891, dissolving an interlocutory injunctional order restraining the defendant from constructing a school-house upon certain real estate. The injunctional order was founded upon the affidavit of O. H. Neff, director of the plaintiff district. The complaint does not appear in the record. The motion to dissolve was founded on the affidavits of defendant and of Ira Campbell, treasurer of the district; and upon the hearing further proofs were introduced by the plaintiff, consisting of another affidavit by Neff and certified copies of certain of the school district records.

Joint School District No. 17 of Ottawa and Summit vs. Reid.

It appears that the defendant, on the 6th of July, 1891, acting by its board of directors, entered into a written contract with the plaintiff district to erect a school-house for the contract price of $1,000, upon land which the district had previously contracted to purchase. After the execution of the contract with defendant, and on the evening of the same day, at a district meeting, a new director and clerk were elected; and upon July 16, 1891, the new district board resolved to notify *Reid* not to proceed with his alleged contract, for reasons not necessary to be stated at length. This notice seems to have been served on the following day. The defendant proceeded to haul material for the construction of the school-house, and on the 8th day of August, by direction of the board, this action was commenced by the issuance and service of a summons and the injunctional order, with accompanying papers. It appears, further, that in December, 1890, at a district meeting, it was voted that the district board be empowered to borrow not exceeding $1,000 for purchase of a site and erection of a school-house, and that said sum was actually borrowed. The grounds upon which plaintiff claims the injunction should be continued in force are stated in the opinion.

*D. J. Hemlock,* for the appellant, to the point that the district board had the right, without a vote of the electors, to commence suit for the protection of the district, cited subd. 2, sec. 422, R. S.; *School Dist. No. 8 v. Arnold,* 21 Wis. 657; *McCaffrey v. School Dist.* 74 id. 103; *Jamestown v. C., B. & N. R. Co.* 69 id. 648.

For the respondent there was a brief by *Ryan & Merton,* and oral argument by *T. E. Ryan.* To the point that the board was not warranted in commencing the action without directions from the electors of the district, they cited *School Dist. No. 8 v. Arnold,* 21 Wis. 657; *Fox Lake v. Fox Lake,* 62 id. 486; *State ex rel. Manitowoc v. County Clerk,* 59 id. 15.

Joint School District No. 17 of Ottawa and Summit vs. Reid.

WINSLOW, J.   The facts which the appellant claims its affidavits prove, and upon which it relies to justify its right to the injunctional order, are substantially: (1) That the resolution authorizing the borrowing of $1,000 for a site and the erection of a school-house is of no effect, because not in writing, not fixing the time of payment, and in other respects not complying with sec. 475, R. S.; (2) that, admitting the loan to be valid, still the board had no authority to use the entire $1,000 for a school-house, leaving a site costing $250 contracted for and unpaid; (3) that the district board acted in collusion and in bad faith in letting the contract to the defendant; (4) that the district does not own the site, and that the contract for its purchase is void; (5) that the board had no authority to contract for a school-house and site costing in the aggregate $1,250, when they had only $1,000 in available funds at their disposal.

Conceding that these facts appear, and that the necessary result therefrom, or from any of them, is to render the contract with defendant void or voidable, still we do not see how the injunction can be sustained.   If the contract is void, or voidable at the plaintiff's option, the school district cannot be damnified by the acts of the defendant in proceeding to build the house.   It may decline to ratify or affirm the contract, and successfully defend against an action for the contract price.   *Pickett v. School Dist.* 25 Wis. 551.   Especially would this be the case where the district has no title to the site, and the contract for its purchase is alleged to be void.   Where the threatened act can inflict no injury nor affect any right, injunction would not seem necessary or even proper.

A serious question was raised by respondent as to whether the district board had power to commence this action without the authority of a vote of the district.   R. S. sec. 430, subd. 15, and sec. 442, subd. 3.   It is unnecessary here to decide the point.

*By the Court.*— Order affirmed.